IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Johnson,<br><br>    Petitioner,<br><br>vs.<br><br>D. Smith, Warden - F.C.I. Phoenix,<br><br>    Respondent. | No. CV 10-1221-PHX-ROS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, CHIEF UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Petitioner Michael Johnson has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner raises one ground for relief in the petition: that the United States Parole Commission ("Commission") violated his Fifth Amendment right to due process when it imposed as a condition of his release participation in an alcohol aftercare program without providing him an opportunity to challenge that condition. Doc. 1 at 4. For relief, Petitioner requests that the court order the Commission to remove the alcohol aftercare program as a condition of release. Respondent has filed a Response in Opposition to Petition for Writ of Habeas Corpus. Doc. 11. Petitioner has not filed a reply.

On September 16, 1985, pursuant to a guilty plea, Petitioner was convicted of two counts of Savings and Loan Robbery, in violation of 18 U.S.C. § 2113(a), in the United

1  States District Court for the Eastern District of California. Doc. 11, Exh. A. Petitioner was
2  sentenced to 20 years in prison on the first count and a consecutive five-year term of
3  probation on the second count. Id.

4  Petitioner received an initial parole hearing in July 1991 during which the panel
5  recommended that he receive a "presumptive parole" release on July 27, 1992. Doc. 11, Exh.
6  B. The recommendation included a condition for alcohol treatment, as Petitioner was
7  described as being an alcoholic. Id. In a Notice of Action on February 11, 1992, he was
8  formally granted parole effective July 27, 1992. Doc. 11, Exh. D. During a pre-release stay
9  at a community corrections center, however, Petitioner received two misconduct reports that
10 resulted in a postponement of his release until October 23, 1992. Doc. 11, Exh. E, F, G and
11 H. The misconduct involved returning late from a social pass and testing positive for alcohol
12 use. Doc. 11, Exh. E.

13 Less than two weeks after his release on October 23, 1992, Petitioner failed to return
14 to the community corrections center and his whereabouts were unknown. Doc. 11, Exh. I.
15 A warrant was subsequently issued on November 10, 1992. Id. On December 31, 1992, the
16 Commission received notice that Petitioner was in U.S. Marshals Service custody on new
17 bank robbery charges. Doc. 11, Exh. M. The notice further indicated that the parole warrant
18 would therefore not be executed but would instead be placed as a detainer. Id.

19 On May 11, 1993, Petitioner was sentenced in the Eastern District of California after
20 pleading guilty to eight bank robbery charges, committed between November 3, 1992 and
21 December 29, 1992. Doc. 11, Exh. J, K. The court imposed eight concurrent sentences of
22 171 months in prison. Id. The sentences, however, were to run consecutive to any
23 previously imposed prison sentences. Id.

24 The Commission's warrant was subsequently executed on June 28, 2005, presumably
25 upon Petitioner's release from custody on the eight bank robbery convictions. Doc. 11, Exh.
26 N. Following a hearing on September 21, 2005, the Commission ordered that Petitioner's
27 parole be revoked and the forfeiture of his time on parole. Doc. 11, Exh. O. Following an
28 additional hearing, the Commission further ordered that Petitioner's prison term would

1    continue to expiration.  Doc. 11, Exh. Q.  Additionally, the Commission scheduled him for
2    a statutory interim hearing in March 2008.  Id.

3          The interim hearing took place on June 5, 2008.  Doc. 11, Exh. R.  The examiner who
4    conducted the hearing and reviewed Petitioner's case found no changes that warranted any
5    modifications in the previously issued "continue to expiration" decision.  Id.  As a condition
6    for Petitioner's eventual release, the examiner recommended drug and alcohol aftercare.
7    Doc. 11, Exh. R.  Based on the interim hearing, the Commission issued a Notice of Action
8    on July 2, 2008, in which it ordered no change in the prior decision to continue Petitioner to
9    the expiration of his sentence.  Doc. 11, Exh. T.  The Commission further ordered that
10   Petitioner be subject to the Special Drug Aftercare Condition, but made no mention in the
11   notice of an alcohol aftercare program.  Id.

12         Petitioner appealed the drug treatment condition in the Notice of Action, arguing that
13   there was no history of drug addiction and thus no basis to impose drug treatment.  Doc. 11,
14   Exh. U.   In a Notice of Action on Appeal dated October 15, 2008, the National Appeals
15   Board ("Board") agreed with Petitioner's arguments in the appeal and eliminated the drug
16   aftercare condition.  Doc. 11, Exh. V.  The Board, however, explained that although there
17   was no history of drug abuse, Petitioner did have a history of alcohol abuse.  Id.
18   Accordingly, the Board  modified the Commission's order and replaced the drug aftercare
19   condition with an alcohol aftercare condition.  Id.  The notice further indicated that all
20   decisions by the Board on appeal are final.  Id.

21         Sentence computation information provided by Respondent shows that Petitioner's
22   current mandatory release date is September 2, 2012.  Doc. 11, Exh. W.  His full term
23   sentence expiration date is November 1, 2017.  Id.  Although it's not entirely clear from the
24   materials submitted by the parties, the court is operating under the assumption that the
25   condition being challenged would apply when Petitioner reaches his mandatory release date
26   in September 2012.

27
28

**DISCUSSION**

Petitioner contends that when the Board issued its order on appeal in which it added the alcohol aftercare condition, the Board violated his right to due process by notifying him of this condition for the first time in the unappealable order. Petitioner contends that he never received a hearing on the issue or an opportunity to appeal.

Respondent argues that Petitioner had notice of the alcohol aftercare condition from his presence at the June 5, 2008 interim hearing, the summary of which contains the hearing examiner's recommendation that the Commission impose drug and alcohol aftercare. Doc. 11, Exh. R. Respondent further argues that the Commission did in fact adopt that recommendation and ordered drug and alcohol aftercare, as evidenced by the order signed by three Commission representatives. Doc. 11, Exh. S. Respondent contends that it was simply a clerical error that the formal Notice of Action on July 2, 2008, contained the drug but not alcohol aftercare condition. Respondent therefore claims that Petitioner had sufficient notice and an opportunity to object to the alcohol condition. Petitioner, having failed to file a reply, presents nothing to refute Respondent's arguments.

The court, however, need not reach the question of whether Petitioner had sufficient notice of the alcohol aftercare condition and an opportunity to challenge it. A habeas petition under 28 U.S.C. § 2241 "challenges the execution of a criminal sentence on grounds that a prisoner 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Benny v. U.S. Parole Commission, 295 F.3d 977, 988 (9th Cir. 2002) (quoting 28 U.S.C. § 2241(c)(3)). Although a § 2241 habeas petition is generally the proper method to seek review of parole decisions, such challenges must be "premised on a causal link between some alleged improper action by the Commission and the fact or duration of a petitioner's confinement." Benny, 295 F.3d at 988 (citations omitted).

Here, Petitioner does not allege that the Board or the Commission made a decision that affected the fact or duration of his confinement. He does not allege that he is being confined unlawfully or that the length of his incarceration was unlawfully extended. He simply alleges that a condition of his release, whenever it occurs, was improperly imposed.

- 4 -

Thus, Petitioner has failed to demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States. He is therefore not entitled to habeas relief and the court will recommend that his petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED AND DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 16th day of May, 2011.

_____
Edward C. Voss
United States Magistrate Judge